MILLER et al. v. SALT SPRINGS NAT. BANK et al.

(Supreme Court, Appellate Division, Fourth Department.   December 6, 1899.)

PLEADING — ACTIONS — CONSOLIDATION — COMPLAINT—AMENDMENT ON TERMS—
  MOTION TO STRIKE.
    Where, after issue joined in several actions to enforce mechanics' liens,
    in which the claims of the plaintiffs were conflicting, such actions were
    consolidated, and a judgment in favor of B., one of the plaintiffs, was re-
    versed on appeal, with costs to abide the event, and more than five years
    thereafter he obtained leave to serve an amended complaint in the action
    brought by him, on condition that he pay certain costs, and during the
    pendency of his motion for such leave he served amended answers in the
    consolidated action, which were returned after being retained more than
    24 hours, and all the issues raised were presented both by the amended
    complaint and the previous pleadings in B.'s action, and in the pleadings
    in the consolidated action and the proposed amended answer, a motion
    to strike out such amended answer should have been sustained, since allow-
    ing such answer to stand rendered nugatory the former order requiring B.
    to pay costs, as a condition of retrying the issues in the action brought by
    him.

Appeal from special term, Oneida county.

Action by Henry W. Miller and others against the Salt Springs
National Bank and others, impleaded, etc.  From an order denying
a motion to strike out an amended answer filed without leave five
years after issue joined, defendants appeal.  Reversed.

Argued before HARDIN, P. J., and ADAMS, McLENNAN,
SPRING, and SMITH, JJ.

William G. Tracy, Charles G. Baldwin, and William S. Andrews,
for appellants.

Edwin H. Risley, for respondents.

PER CURIAM.  This action and one in which Edward P. Bates
was plaintiff were commenced in 1892 to foreclose certain mechanics'
liens upon the Masonic Home, near Utica, N. Y.  All parties interest-
ed in the subject-matter were made parties, either plaintiff or defend-
ant, in one or the other of said actions.  The interests of the plaintiffs
in each of said actions were conflicting as between themselves, and
were also conflicting with the interest of the defendants (appellants).
Issue was duly joined in each of said actions.  Thereafter an order
was duly made, upon the consent of all the parties, consolidating the
two actions, and directing "the trial of the same as so consolidated,
to be tried together as one, in accordance with the rules and practice
of the court."  Thereafter the issues were tried by the court,—the
actions being tried as one,—and judgment was rendered favorable to
the respondent Bates.  From that judgment an appeal was taken to
the late general term, and the judgment was affirmed.  34 N. Y.
Supp. 598.  An appeal was then taken to the court of appeals, and
the judgment was reversed, and a new trial ordered, with costs to
the appellants to abide the event.  51 N. E. 1033.  Thereafter, and
more than 5 years after the commencement of both of said actions,

Bates made a motion for leave to serve an amended complaint in the action brought by him. While that motion was pending, Bates served an amended answer in the Miller action upon the plaintiff and his co-defendants. The answers so served by Bates were retained by the attorneys for the appellants, respectively, more than 24 hours, and were then returned, with indorsements thereon to the effect that the time within which to serve said answer had expired more than 5 years since, and that no leave to serve the same had been obtained from the court; and a motion was thereupon made to strike out said amended answer. The motion for leave to serve an amended complaint came on to be heard, the notice of motion was entitled in both of said actions, and the court made an order granting the motion, upon condition that the plaintiff within a certain time pay a certain amount of costs to the appellants' attorneys. An appeal was taken from that order to this court, and it was modified by requiring Bates to pay a further or additional sum of costs, to wit, the taxable costs after service of the first answer, as a condition of serving said amended complaint; and as so modified the order was affirmed. The motion to strike out the amended answer of the defendant Bates in the Miller action was denied by the special term, without costs. From that order this appeal is taken.

All the issues raised by the parties to either of said actions are presented by the amended complaint and by the answers first interposed. The same issues, however, could be tried in said consolidated action upon the allegations in the original complaint and the allegation contained in the proposed amended answer. It is therefore apparent that, if the order permitting the proposed amended answer to stand is affirmed, the provision of the order permitting the defendant Bates to serve an amended complaint only upon condition that he pay the costs imposed by the court would, at his option, become nugatory, and that all the issues raised by such amended complaint could be effectually tried under his amended answer in the Miller case, and the result would be that the defendant Bates would be in a position to have all the issues involved in both actions disposed of under his proposed amended answer, and without the payment of any costs whatsoever. We think this result would be unjust, and in effect would defeat the purpose and intent of the court, which were that, before the issues raised by the amended complaint in such consolidated action should be tried, the order made by the special term, as modified by this court, should be complied with.

It is held: First, that the special term, in its discretion, had power to strike out the amended answer of the defendant Bates, notwithstanding such answer had not been returned within 24 hours by the attorneys of the respective appellants upon whom it had been served; second, that as both actions were consolidated, and all the issues should be tried and determined under Bates' amended complaint, and because the effect of denying the motion to strike out said amended answer is to render nugatory the order of the court requiring the payment of certain costs as a condition of retrying the issues involved in said consolidated action, and raised by the allegations in the

amended complaint, the motion to strike out the amended answer of Bates should have been granted.

It follows that the order appealed from, denying the motion to strike out the amended answer, should be reversed, without costs, and the motion granted, without costs, with leave to the defendants to answer the amended complaint within 20 days after the service of the same upon them, upon payment of the costs of the Bates action from the service of the answer.